UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CHARLES L. ASBERRY, Sr.**  **PLAINTIFF**

v.  **CIVIL ACTION NO. 3:06-CV-42-H**

**JOAN BYERS**  **DEFENDANT**

**ORDER AND MEMORANDUM OPINION**

The plaintiff, Charles L. Asberry, Sr., filed a *pro se* complaint arising under federal and state law (DN 1). He also filed an application to proceed without prepayment of fees (DN 3).

Because the plaintiff makes the showing required by 28 U.S.C. § 1915(a), **IT IS ORDERED** that the application to proceed without prepayment of fees is **GRANTED**.

Having addressed the filing fee issue, the court must now undertake a preliminary review of the plaintiff's complaint under 28 U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Asberry's complaint is vague and confusing. Asberry names as defendant the Honorable Joan Byers, in her individual capacity. He alleges that in 1997 he was not served for case number 97D502485-003 and that, at that time, there were only two "issues" before Judge Byers's court, case numbers 97FV2485 and 97FV2487. He appears to allege that Judge Byers committed a Double Jeopardy violation by making a "new" case. He further alleges that Judge Byers has jeopardized the "'state[']s integrity' [by] failing to examine physical evidence in support of the case." He does not explain to which case or to what evidence he is referring. He further alleges, "All this does is demonstrate that #97FV2485's been 're-issued' in an effort to alter and[/]or fabricate documentation." He requests $50,000 each in monetary and punitive

damages, as well as disbarment and expungement.

## II. ANALYSIS

In cases where an individual is proceeding *in forma pauperis* under § 1915(a), the district court must screen the complaint before service on the defendants to identify cognizable claims and to dismiss any portion of the complaint if it is frivolous, malicious, fails to state a claim for which relief may be granted, or seeks monetary damages against defendants who are immune from such damages. *See McGore*, 114 F.3d at 608-09. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Therefore, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (internal quotation marks and citations omitted).

Section 1983 provides a civil remedy to individuals who suffer injury from the deprivation of a federal right by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). However, a judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Id.* at 11. A judge will not be immune from suit where: 1) the judge acts in a non-judicial capacity; or 2) the judge acts in the complete absence of all jurisdiction. *Id.* at 11-12. A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction. *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985).

Asberry essentially complains only about conduct that comprises the very core of Judge Byers's official duties. Therefore, the court concludes that absolute judicial immunity bars the claims for monetary damages against the defendant. *See Mireless*, 502 U.S. at 9.

To the extent that Asberry seeks equitable relief, his claims are not barred by the doctrine of judicial immunity. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). However, the allegations against Judge Byers are merely conclusory and lack the requisite factual specificity. Some factual basis for such claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The court is not required to accept conclusory and unsupported statements. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Consequently, Asberry's claims for equitable relief will be dismissed for failure to state a claim upon which relief may be granted.  *See id.* at 511-12.

      The court will enter an order consistent with this memorandum opinion.

Date:

cc:    Plaintiff, *pro se*  
        Jefferson County Attorney

4412.009